UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BONITA J. PEREZ,**

    **Plaintiff,**

v.                                                 Case No. 8:08-CV-803-T-30EAJ

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying a claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under the Act.

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the administrative record, and the pleadings and memoranda submitted by the parties in this case.[1]

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405(g) (2006). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the

---

[1] The district court has referred this matter to the undersigned for consideration and a Report and Recommendation. See Local Rules 6.01(b) and 6.01(c), M.D. Fla.

Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979) (citations omitted).[2]

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

## I.

Plaintiff filed an application for DIB and SSI benefits on August 4, 2004, claiming an onset of disability on January 1, 2004, due to multiple impairments.[3] (T 10) Plaintiff's application was denied initially and upon reconsideration. (Id.) The ALJ held a hearing on Plaintiff's application on May 21, 2007. (Id.) In an August 21, 2007 decision, the ALJ determined that Plaintiff was not disabled under the Act and could perform a limited range of light work. (T 14, 24) Plaintiff filed a timely petition for judicial review of the Commissioner's denial of benefits after exhausting all administrative remedies. The Commissioner's decision is ripe for review under the Act.

Plaintiff was forty-two years old at the time of the hearing. She has the equivalent of a high school education and had completed one semester of community college. (T 432). Her past work experience included work as a waitress, delivery driver, and counter helper. (T 106, 433)

---

[2] Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] The ALJ's decision states the incorrect date of July 12, 2004, for Plaintiff's application. (T 10, 65-69)

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability on January 1, 2004. (T 12) The ALJ also found that Plaintiff suffered from the following severe impairments: obesity, degenerative disc disease of the lumbar spine, degenerative changes of the shoulders, migraines, major depression, and anxiety. (T 13) According to the ALJ, these impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id.) The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of light work. (T 14) According to the ALJ, Plaintiff could not return to her former work but could perform such jobs as assembler, cashier, and inspector. (T 23-24) The ALJ found that Plaintiff was not disabled at any time through the date of the decision and denied Plaintiff's claims for DIB and SSI under the Act. (T 24)

The medical evidence was summarized by the ALJ and will not be repeated here except as necessary to address the issues presented.

## II.

Plaintiff argues that the Commissioner erred by (1) discounting the opinions of Plaintiff's treating physicians and (2) failing to find Plaintiff's testimony credible despite corroborating evidence (Dkt. 8 at 6-9).

**A.** Plaintiff claims that the ALJ improperly discounted the opinions of her treating physicians. (Id. at 6). Plaintiff does not specify either the errors the ALJ made or the particular treating physicians' opinions at issue. Of the medical records Plaintiff summarizes, two are the opinions of Plaintiff's treating physicians, two are those of Plaintiff's consultative examiners, and two are by non-physicians who examined Plaintiff. (Dkt. 8 at 7-8) This conclusory argument could be rejected out of hand; however, it is also without merit.

3

In assessing medical evidence in a disability case, the ALJ is required to state with particularity the weight given to different medical opinions and the reasons therefore. Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987). Generally, a treating physician's opinion is entitled to considerable weight unless there is good cause to reject those opinions. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982). The opinions of non-examining, reviewing physicians standing alone do not constitute substantial evidence and are entitled to little weight when contrary to those of examining physicians. See Sharfarz, 825 F.2d at 280.

Plaintiff mentions the opinions of two treating physicians, George Fawcett, M.D. ("Dr. Fawcett") and Berny Excellent, M.D. ("Dr. Excellent"), and two one-time examiners, Christopher Davey, M.D. ("Dr. Davey") and Edith Dalton, Ph.D. ("Dr. Dalton") (Dkt. 8 at 7-8). Plaintiff also points to evaluations completed by two non-physicians, Patricia Kotarinos, A.R.N.P. ("Ms. Kotarinos") and Eileen Stoner, L.C.S.W. ("Ms. Stoner") (Id.).[4]

---

[4] Ms. Kotarinos is a nurse practitioner who performed a psychiatric evaluation of Plaintiff in 2004. (T 302-05) A nurse practitioner's opinion is not afforded the same weight as that of a treating physician; rather, it is only entitled to fair consideration. Crist v. Astrue, No. 8:06-CV-1587-T-26TMB, 2008 WL 821934, at *10 (M.D. Fla. Mar. 26, 2008) (citing 20 C.F.R. §§ 404.1513(d), 416.913(d)). The ALJ discussed Ms. Kotarinos's evaluation, weighed Plaintiff's complaints of depression and mental discord, and noted that Plaintiff was alert, pleasant, oriented, and only somewhat withdrawn and that she denied suicidal thoughts. (T 15-16) Ms. Kotarinos's assessment is consistent with the ALJ's RFC; thus, the ALJ's consideration of Ms. Kotarinos's opinion was proper. See Wilver v. Astrue, No. 8:07-CV-488-T-EAJ, 2008 WL 2824815, at *3 (M.D. Fla. July 21, 2008) (upholding ALJ's consideration of nurse practitioner's opinion under "fair consideration" standard). Ms. Stoner is a social worker with Suncoast Center for Community Mental Health who counseled Plaintiff three times in 2005. (T 218-19, 222) A social worker is not a "medical source[]" under 20 C.F.R. § 416.913(a). On May 26, 2005, Ms. Stoner assigned Plaintiff a Global Assessment Function ("GAF") of 55 (see infra notes 6-7) and noted that Plaintiff was not having suicidal thoughts. (T 222) The ALJ adequately considered Ms. Stoner's assessment in his evaluation of Plaintiff's mental health history. (T 19)

The ALJ did not reject Dr. Fawcett's findings, despite Plaintiff's implication to the contrary. In fact, Dr. Fawcett's opinions support the ALJ's decision. The ALJ considered Dr. Fawcett's treatment of Plaintiff on the following dates: May 17, 2004, for complaints of depression, anxiety, migraines, and recurrent back pain; June 3, 2004, for a follow-up appointment; June 29, 2004, for a telephone consultation during a depressive crisis; July 7, 2004, for a physical examination, and July 12, 2004, for mole removal. (T 15, 333, 334(A), 364-66) The ALJ noted Dr. Fawcett's comment that he had been treating Plaintiff since January 2002. (T 15, 333)

On May 17, 2004, Dr. Fawcett indicated that Plaintiff was taking medication for her depression as well as "seeking assistance with mental health counseling." (T 333) Dr. Fawcett opined on June 3, 2004, that Plaintiff had "multiple medical problems" and suffered from a "temporary disability" that rendered her "unable to work for a period of six months." (T 334(A)) On June 29, 2004, Dr. Fawcett spoke with Plaintiff's daughter who called to tell him that Plaintiff was crying uncontrollably. (T 366) Dr. Fawcett recommended that Plaintiff seek emergency mental care for suicidal thoughts and noted Plaintiff was having a major mental depressive crisis. (Id.) On July 7, 2004, Dr. Fawcett saw Plaintiff for a follow-up, observing that she had experienced an episode of depression triggered by her husband leaving her but that the physician who evaluated her at St. Anthony's Hospital "did not feel that she was a significant threat to herself." (T 365) Dr. Fawcett observed Plaintiff's normal affect during the evaluation and that she was feeling much better and able to laugh. (Id.) He concluded Plaintiff's depression was improving. (Id.) Dr.

5

Fawcett did not opine that Plaintiff was permanently disabled;[5] his treatment notes are consistent with the ALJ's RFC assessment.

The ALJ also considered the opinions of Dr. Excellent, a psychiatrist at Suncoast Center for Community Mental Health who treated Plaintiff on three occasions from November 2005 through April 2006. (T 17-22, 170-71, 174-76) On November 10, 2005, Dr. Excellent diagnosed Plaintiff with a major depressive disorder and a GAF of 48.[6] (T 170) During a follow-up visit one month later, upon hearing that Plaintiff had responded well to anti-depressant medication and did not feel depressed, Dr. Excellent assessed Plaintiff with a GAF of 55.[7] (T 174) At Plaintiff's final examination by Dr. Excellent on April 27, 2006, where Plaintiff reported her recent remarriage and increased happiness, Dr. Excellent assessed a GAF of 53. (T 176)

The ALJ assigned little weight to Plaintiff's lowest GAF score (48) as assessed by Dr. Excellent. (T 22) Instead, the ALJ noted Plaintiff's improvement under Dr. Excellent's care and found the low score of 48 as indicative of Plaintiff's condition only in the short term. (Id.) Although a GAF of 48 indicates serious symptoms, a single GAF score, standing alone, is not dispositive of a disability applicant's mental functioning. See Wisner v. Astrue, 496 F. Supp. 2d 1299, 1304 (N.D.

---

[5] A claimant will be found disabled if she is "unable to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1527(a).

[6] GAF is a standard measurement of an individual's overall functioning level with respect to "psychological, social, and occupational functioning." American Psychiatric Ass'n Diagnostic and Statistical Manual of Mental Disorders at 30 (4th ed. 1994) ("DSM-IV"). A GAF of 48 indicates serious symptoms or serious impairments in one of the following: social, occupational, or school functioning. Id. at 32.

[7] A GAF of 51-60 indicates either "moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or coworkers)." DSM-IV at 32.

Ala. 2007). Dr. Excellent assessed Plaintiff's condition as steadily improving: one month later, Plaintiff suffered only moderate symptoms of depression for a limited amount of time; in fact, she reported to Dr. Excellent that she was happy. (T 174, 176) Thus, the ALJ's rejection of Dr. Excellent's single GAF assessment of 48 is supported by substantial evidence, including the remainder of Dr. Excellent's treatment history which is consistent with the ALJ's findings.

Plaintiff next mentions the evaluations of Drs. Davey and Dalton, state agency consultative examiners who performed psychological assessments of Plaintiff (Dkt. 8 at 7-8). The opinions of one-time examiners do not require the same type of deference as those of a treating physician. McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987). Nevertheless, the ALJ considered Dr. Davey's findings and found them to support the finding that Plaintiff was not disabled. (T 21) The ALJ noted that Dr. Davey did not assess Plaintiff with any physical limitations that would prevent her from working and did not indicate any opinion regarding Plaintiff's ability to work. (T 21, 356-57)

The ALJ assigned little weight to Dr. Dalton's assessment, however, which stated that Plaintiff could not manage any type of employment. (T 22, 330-32) The ALJ noted that Dr. Dalton did not have access to Plaintiff's medical records; instead, Dr. Dalton based her conclusion on her one-time interview of Plaintiff, Plaintiff's self-report, and Dr. Fawcett's brief letter opining that Plaintiff was unable to work for six months. (T 22) The ALJ's rejection of Dr. Dalton's opinion was not in error as substantial evidence supports the ALJ's finding that Plaintiff's mental impairment is not disabling.

The ALJ properly evaluated the opinions of Plaintiff's treating physicians and consultative examiners. Remand on this issue is not warranted.

**B.** Plaintiff next contends, without citing to any specific evidence, that the ALJ failed to properly evaluate her credibility. Plaintiff's argument is less then one-half page (Dkt. 8 at 9). This argument could be rejected as conclusory. However, it also fails on the merits.

The ALJ found that while Plaintiff's medically determinable impairments could reasonably produce the alleged symptoms, the "statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely credible." (T 22)

Substantial evidence supports the ALJ's determination that Plaintiff's testimony was not entirely credible. The ALJ points to specific medical evidence contradicting Plaintiff's claims that she is unable to work due to mental difficulties and back and neck pain. (T 20-22)

The ALJ must evaluate the credibility of Plaintiff's testimony as to her symptoms and articulate any reasons for rejecting such testimony. Sewell v. Bowen, 792 F.2d 1065, 1068 (11th Cir. 1986). These reasons must be supported by substantial evidence. Hale v. Bowen, 831 F.2d 1007, 1010-11 (11th Cir. 1987). It is the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656, 656 (5th Cir. 1971).

In addition to the ALJ's consideration of the opinions of Drs. Fawcett and Excellent regarding Plaintiff's improving mental conditions, discussed supra, the ALJ noted that two state agency medical consultants reviewed Plaintiff's medical records and confirmed that Plaintiff had only moderate mental limitations. (T 19, 253-55, 290-92). Moreover, the ALJ emphasized that after Plaintiff's husband left her, Plaintiff started a new relationship, remarried, and reported to Dr. Excellent that she was happy. (T 22, 176) The ALJ noted that the majority of Plaintiff's mental limitations were the result of family stressors. (T 21) According to the ALJ, progress notes from

Suncoast Center for Community Mental Health and Dr. Excellent indicated improvement in Plaintiff's mental state when she took her prescribed medications and attended mental health counseling. (T 21, 170-76, 218-22)

As for Plaintiff's physical limitations, treating physician Robert Donnelly, M.D., Ph.D. ("Dr. Donnelly") found that Plaintiff's hips and knees had a full range of motion and that she had full strength in both her lower and upper extremities. (T 261-63) Further, two state agency consultants determined that Plaintiff could occasionally lift twenty pounds, frequently lift ten pounds, and sit, stand or walk for about six hours during an eight hour workday. (T 231-38, 322-29) The ALJ reviewed these findings and observed that none of Plaintiff's physicians assessed Plaintiff with physical limitations that prevented her from working. (T 21)

Additionally, the ALJ emphasized Dr. Davey's finding that Plaintiff demonstrated a full range of motion and could bend over well. (T 21, 357) Plaintiff's straight leg raising test was normal and her grip strength and finger manipulation were described as good. (Id.) The ALJ considered Plaintiff's testimony that she performed housekeeping chores, made dinner, and visited her family regularly. (T 13, 17, 440-41, 446) The ALJ also noted Plaintiff's report to Dr. Dalton that she drove her husband to work and babysat her godchildren several days a week. (T 332)

Accordingly, the ALJ properly discredited Plaintiff's complaints. There is substantial evidence to support the ALJ's finding on this issue. See generally Allen v. Sullivan, 880 F.2d 1200, 1203 (11th Cir. 1989). The court is not free to reweigh the evidence or substitute its judgment for that of the Commissioner. Bloodsworth v. Heckler, 703 F.2d at 1239.

**III.**

Accordingly and upon consideration, it is **RECOMMENDED** that:

9

(1) the decision of the Commissioner be **AFFIRMED** and this case dismissed, with each party to bear its own costs and expenses; and

(2) the Clerk of the Court shall enter final judgment in favor of Defendant consistent with 42 U.S.C. 405(g).

Dated: June 10, 2009.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to write written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. 636(b)(1).